## EDWARDS vs. EVANS and others.

Until the estate of a person deceased, is settled or given over by order of the county court to the heirs of the deceased, the administrator is entitled to the possession of the real estate of which the deceased died seized, and the rents, issues and profits thereof as against the heirs and their vendees. R. S., ch. 100, § 7.

A party will not be estopped from asserting his right to property, by reason of participating in a sale thereof, which, it was well known and understood, was of no validity, if he has not been guilty of any deception or fraud and has made no statement or admission concerning his title, and the party purchasing acted entirely upon his own knowledge and judgment.

APPEAL from the Circuit Court for *Waukesha* County.

This was an action to recover damages for breaking and entering the close of the plaintiff, the north-east quarter of the

south east quarter of section twenty in the town of Pewaukee, in Waukesha county, on the 19th day of July, 1860, and carrying away the spring wheat of the plaintiff then and there standing and growing and converting the same to the use of the defendants, to his damage of $300. The answer alleged that the close in question, and the said wheat, was the close and property of the defendant *Dixon Evans*, and that the defendants entered and took the same in his behalf as they lawfully might. This issue came on to be tried before the court and a jury. On the part of the plaintiff, the cutting and taking away of the wheat was proved, and that the defendant *Evans* sowed the wheat in question, and that the plaintiff and the defendants both worked at the cutting and carrying it away at the same time, in different parts of the field, each party claiming the wheat and taking the wheat away as fast as cut, and that one of the defendants, *Kaye*, was administrator of the estate of Thomas Johnson, deceased, who owned and occupied the land until the time of his death. Alexander Johnson, on the part of the plaintiff, testified : That on the 11th day of June, 1859, there was a meeting at the school house near Mr. Gothie's, at which the defendant *Evans*, Emslie, R. Crawford and *Thos. Edwards* were present. There was an auction sale of the lands belonging to the Johnston estate. Before this sale we all thought best to sell this land, and Gothie, *Evans* and myself, agreed to sell it at public auction, on conditions to be approved by the circuit court. *Evans* agreed to put up notices of such sale; and on our way to the sale he told me he had put them up. I was at this sale on the 11th of June, 1859. Crawford proclaimed that he would sell the two forties to the highest bidders, the purchaser should go into possession and pay ten per cent. on purchase money. The south forty acres were put up first. *Evans* bid and Emslie bid on this forty. Emslie bid five dollars more than *Evans*, and it was struck off to him. The north forty acres were struck

off to me. Emslie bid six hundred and sixty dollars ; *Evans* only $655. I was guardian for one of Johnston's children.

William Emslie, sworn on the part of the plaintiff, testified : I know the land in question. I was present at the sale spoken of, on the 11th of June 1859. I bid off this lot for the plain-tiff for $660. I told *Evans* that my purchase was for the plaintiff. *Evans* wrote in his book in which he recorded the proceedings of the meeting, that the plaintiff was the pur-chaser, and I became surety by signing *Evans'* book, for the plaintiff, that he should pay the purchase money. It appeared that the defendant posted the notices of this sale and acted as clerk of the meeting, but that the parties making it had no authority from the county judge or any court to make such sale, and that said Johnston left seven heirs, Henry, William, Ellen, Thomas, Isabella, Margaret, and Mary, and that Mary was the only one over twenty-one years of age. The plaintiff offered in evidence a quit claim deed of one-seventh of the premises from Henry Johnston, one of said heirs, to himself, dated July 7th, 1860, to which the defendants objected, but the court allowed the same to be given in evidence, and the defendants excepted. The plaintiff offered in evidence a guardian's deed for the remainder of the premises, purporting to have been given at a guardian's sale of the interests of the other heirs, under and by virtue of a decree of the circuit court for Waukesha county, which deed was dated July 13, 1860. To this deed and the proceedings in pursuance of which it was executed several objections were taken, but which were over-ruled by the court and the deed read in evidence. On behalf of the defendants it was proved that the defendant *Evans* plowed the land in question in the fall of 1859 and in the spring of 1860, under permission of *Joseph Kaye*, one of the the defendants, who was administrator of Johnston's estate, and that he was to pay *Kaye* $50, for the use of this land and forty acres north of it, from the first of March to the first of November 1860, and that he had told the plaintiff that he

had hired the land and not to plow there. Letters of administration on the estate of *Johnston*, deceased, to the defendant *Joseph Kaye*, dated Feb. 2, 1857, were produced and given in evidence, and it was proved that the administrator, *Joseph Kaye*, had been in possession of the premises on which the wheat was raised ever since he was appointed, and had rented it and let it on shares from year to year. It did not appear that *Johnston's* estate had ever been settled or delivered over by order of the probate court to his heirs.

The court charged the jury, " that although by the statute the administrator had the right to the possession of the real estate of the deceased, until it should be delivered out of his hands by an order of the county judge, yet the defendant *Evans*, by being present and assenting to the informal sale at the school house, in June, 1859, was estopped and could not defend against the plaintiff's claim to possession." To which the defendants, by their counsel, excepted.

The court further instructed the jury, " that the sale in July, 1860, by the special guardian, C. C. White, and his deed to the plaintiff, gave the plaintiff, as purchaser, an immediate right to the possession of the land, as against the administrator and everybody else." To which the defendants excepted.

The jury gave a verdict in favor of the plaintiff, upon which judgment was entered; and the defendants appealed.

*E. M. Randall*, for appellants.

*A. Cook*, for respondent.

*By the Court*, DIXON, C. J. The following questions are decided in this case:

1. That until the estate was settled or delivered over by order of the county court to the heirs, the administrator *Kaye* was entitled to the possession and the rents, issues and profits of the premises in dispute, as against the heirs and their vendees. R. S., ch. 100, § 7. The defendant *Evans*, the lease and entry being established, stands in the place of the admin-

istrator, and the plaintiff *Edwards*, as vendee, represents the heirs. The question is the same as if it had arisen directly between the administrator and the heirs.

2. The defendant *Evans* is not estopped from asserting his right of possession, by reason of the part he took in the supposed sale at the school house. It was understood on all sides that, that proceeding was of no legal force or validity whatever. If not understood, it should have been; for every one is bound to know the law in such matters. It would be most unreasonable to exclude a party from showing his title, because of his participation, without fraud or deception, in a transaction notoriously void, from which it was well known no legal or equitable right could arise. The case seems entirely destitute of the essential elements of an estoppel. The defendant *Evans* made no admission concerning the title or right of possession. The plaintiff acted upon none, but upon his own information of the facts.

The question upon the regularity of the guardian's sale, being unnecessary to the disposition of the case, is not decided.

Judgment reversed, and a new trial awarded.